## Lewis v. Dunlap, *Appellant.*

**Negotiable Paper**: INDORSER'S LIABILITY: PAROL EVIDENCE: AGENCY. An indorser of a negotiable promissory note cannot escape liability to a subsequent indorsee for value and without notice, by showing that his indorsement was not made until after he had received the money for which the note was given, and that it was then made for the sole purpose of passing title to the indorsee and under a verbal agreement with the agent of the latter that the words "without recourse" should be written over the indorsement.

*Appeal from Jackson Special Law and Equity Court.*—HON. R. E. COWAN, Judge.

AFFIRMED.

*Dunlap & Freeman* for appellant.

In *Rodney v. Wilson*, there was no question but that there was a contract of indorsement, and the writing must control. In this case there was no attempt to indorse a

note, but this agreement was subsequent to the disposition of the note and the payment of the money to appellant, made for the sole purpose of transferring the title to appellee for his sole benefit, to be held in trust, and was without consideration to support a contract of indorsement, and the proceeding of plaintiff amounts to a fraud in attempting to collect said note from appellant. For these reasons appellee should not have recovered. 1 Daniel Negot. Instruments, § 720; *Hill v. Ely*, 5 Serg. & Rawle 363; Biles on Bills, (6 Ed.) *151. If Sheldon was plaintiff's agent he was bound by what Sheldon did, and the knowledge of Sheldon was knowledge to him; 1 Daniel Negot. Instruments, § 802, p. 655; *Livermore v. Blood*, 40 Mo. 48; and it would be a fraud on appellant to permit respondent to maintain this action; *Kirkham v. Boston*, 67 Ill. 599; *Smith v. Carter* 25 Wis. 283; *Dale v. Gear*, 38 Conn. 15.

*R. H. Field* and *Tichenor & Warner* for respondent, cited *Jones v. Jeffries*, 17 Mo. 577; *Smith v. Thomas*, 29 Mo. 307; *Rodney v. Wilson*, 67 Mo. 123; *Jones v. Shaw*, 67 Mo. 667; *Specht v. Howard*, 16 Wall. 566; *Forsythe v. Kimball*, 91 U. S. 291; *Brown v. Spofford*, 95 U. S. 480; *Charles v. Denis*, 42 Wis. 56; *Eaton v. McMahon*, 42 Wis. 484; *Doolittle v. Ferry*, 20 Kas. 230; *Dale v. Gear*, 38 Conn. 15; *Woodward v. Foster*, 18 Gratt. 205; *Lee v. Pile*, 37 Ind. 107; *Campbell v. Robbins*, 29 Ind. 271; *Wilson v. Block*, 6 Blkf. 509; *Crocker v. Getchell*, 23 Me. 392; *Barry v. Morse*, 3 N. H. 132; *Bank v. Smith*, 27 Barb. 489; *Hoare v. Graham*, 3 Camp. 57; *Bank v. Dunn*, 6 Pet. 51; *Skinner v. Church*, 36 Iowa 91; *Howe v. Merrill*, 5 Cush. 80; *Dibble v. Duncan*, 2 McLean 553; *Fuller v. McDonald*, 8 Me. 213; *Hauer v. Patterson*, 84 Pa. St. 275; *Barnard v. Gaslin*, 23 Minn. 194; *Finley v. Green*, 85 Ill. 536; *Prescott Bank v. Caverly*, 7 Gray 217; *Stubbs v. Goodall*, 4 Ga. 106; *Free v. Hawkins*, 8 Taunt. 92; *Bank v. Ballou*, 119 Mass. 487.

HOUGH, J.—This is a suit against the defendant, Dun-

lap, as indorser in blank of a negotiable promissory note of which one Haney was maker and said Dunlap payee.

It appears from the record that the defendant held, as payee, two notes for $100 each, made by Haney and secured by deed of trust on certain real estate in Kansas City. In order to take up said notes Haney executed a note for $210 payable to the order of defendant in twelve months with ten per cent interest from date, securing the same with a deed of trust on the same property covered by the first deed, and being about to leave for St. Louis, went with the defendant to one Sheldon, a money-broker, and engaged him to raise $200 for him on the note and the deed of trust. Both instruments were left with the defendant. Some days after, Sheldon informed Dunlap that he had the money for Haney, whereupon Dunlap went to the office of Sheldon, taking with him the note and trust deed. What there occurred is thus related by the defendant, Dunlap, who testified at the trial: "After arriving at the office, I gave Sheldon the papers and he gave me a check for about $200; do not remember the exact amount. After I had received the check, Sheldon said the note was payable to me or my order, and that I would have to indorse it to convey the title to the party loaning the money. I said to him that I had no interest in the matter and would not be personally responsible by indorsing it, but that I would write my name on the note for the purpose of conveying the title, and he said he would write over the name 'without recourse.' I stood by his side and signed the note, he, Sheldon, agreeing to write 'without recourse.' Haney then paid my two $100 notes as was agreed, and I delivered them up to him." The defendant further testified that plaintiff told him before suit that Sheldon loaned the money for him. The plaintiff testified that he purchased the note of Sheldon before maturity without notice of any of the matters testified to by the defendant in regard to the indorsement, and denied that he ever told defendant that Sheldon loaned the money for him.

At the request of the plaintiff the court instructed the jury as follows: 1. Even though the defendant, at the time he indorsed the note sued upon, may have done so in the presence of a man who agreed to write thereon the words "without recourse," yet if said man neglected to do so, and defendant neglected to see that it was done, then plaintiff cannot suffer by reason of such neglect, provided he took the note in the ordinary course of business, in good faith and for value.

2. The court declares the law to be that if the maker of the note sued on, placed said note in the hands of one Sheldon to be negotiated, and if it was by him negotiated to plaintiff for value, before the same was due and in the ordinary course of business, then plaintiff is not bound by any verbal agreement that may have been made between defendant and said Sheldon, unless he (plaintiff) had notice thereof, and the fact that said Sheldon had knowledge of this agreement is not notice to plaintiff.

The defendant asked the following instructions, which were refused: 1. The court declares the law to be that if Haney borrowed the money through Sheldon, and that Sheldon was the agent of plaintiff in the transaction, and that Haney executed the note and deed of trust to secure the same in accordance with the agreement between Haney and Sheldon and left them with defendant to be delivered when the money should be paid to defendant, and that defendant did deliver the note and deed of trust to Sheldon at the time he collected the money, and that after the money was paid over to defendant by Sheldon, defendant indorsed the note with the agreement between defendant and Sheldon that defendant's indorsement was made solely for the purpose transferring the title with the security, that is the deed of trust, upon a collection for Haney and not upon a sale of the note by defendant, and that Sheldon accepted the note with such agreement, and the deed of trust to secure the same, the defendant is not liable.

12—72

2.   If the court, sitting as a jury, believes from the evidence that the money received by the defendant from Sheldon was for Haney, and that Sheldon was acting as agent for plaintiff in the transaction, then the indorsement by defendant upon the note sued on was without consideration, and defendant is not liable thereon.

There was a verdict and judgment for plaintiff, and defendant has appealed.

It is against the policy of the law to permit a regular indorser in blank who has assumed that position for value, or for the benefit of the maker of the note, to extinguish his liability to the indorsee by evidence of a parol agreement that he was not to be bound by the indorsement.   *Rodney v. Wilson*, 67 Mo. 123.   But where the indorser has become such for the accommodation of his immediate indorsee, or where the indorsement has been made to an agent of the indorser, or in trust, as for collection or the like, such fact may be shown to prevent a recovery by the indorsee.   And it has been held that it may be shown that there was an equity *dehors* the indorsement arising from an antecedent transaction, such for instance as the sale of goods, including an agreement that the note should be taken in sole reliance on the responsibility of the maker, and that it was indorsed in order to transfer the title in pursuance of such agreement, and that the attempt to enforce it is a fraud. *Dale v. Gear*, 38 Conn. 15; *Hill v. Ely*, 5 Serg. & Rawle 363.   The defendant in the case before us does not come within any of these exceptions to the general rule that the legal effect of an indorsement in blank cannot be varied by parol testimony.   The defendant's first instruction was, therefore, properly refused.

Defendant's second instruction is not the law.   If the rule it announces should obtain, an indorser for the benefit of the maker would assume no liability whatever by reason of his indorsement.   The instructions given for the plaintiff are unquestionably the law, and presented the case

to the jury in the most favorable light for the defendant. All the judges are of opinion that the judgment should be affirmed.