SMILEY *et al.*, *Appellants*, v. SMILEY.

**Administration**: FINAL SETTLEMENT SET ASIDE FOR FRAUD. If an administrator fails to account for interest collected on loans of money of the estate, and conceals from the court and the heirs the fact that he has collected such interest, the latter will be entitled to have his final settlement set aside and an account taken.

*Appeal from Pettis Circuit Court.*—HON. WM. T. WOOD, Judge.

REVERSED.

*Thos. P. Hoy* and *Geo. P. B. Jackson* for appellants.

*F. P. Wright* and *Snoddg & Short* for respondents.

EWING, C.—This suit was instituted by the heirs of Henry Walker Smiley, the appellants, against George W. Smiley and the securities on his bond as administrator of Hy. W. Smiley. Afterward George W. Smiley died, and the suit was revived against his executors. One of the securities, Hunter, was not served with process, and the case was dismissed as to him. The other security, Beaman, was one of the judges of the probate court which approved the settlement of Smiley and discharged him and his securities. On the trial Beaman withdrew his answer, and no defense was made by him. The object of the suit was to set aside the final settlement of Geo. W. Smiley for fraud, and praying for a true accounting of the assets of the estate. The answer denies any fraud in the final settlement; denies that there were any fraudulent representations or suppression of truth concerning the settlement; denies that Smiley received the sums as alleged. There was a judgment for the defendants, from which appellants have appealed, and ask a reversal upon the ground that the finding of the circuit court is against both the law and the evidence.

The controlling question in this case is as to interest which plaintiffs allege the administrator collected and failed

to charge himself with; and it will be to this point that attention is directed.

The inventory read in evidence shows 234 acres of land, and then, "personal property, goods and chattels as follows:" which consist of cash on hand and notes amounting to $2,235.30. Then comes the list and appraisement of personal property not included in the inventory, amounting to $967.50. These were made June 7th, 1864. July 3rd, 1865, the administrator files his first settlement, which states " This accountant charges himself as follows : inventory of real and personal, total appraisement $2,235.30. Total appraisement $967.50. Making $3,211.80."

But this evidently does not include the real estate. It is the amount of the cash and the notes and the appraisement of personal property. This settlement shows credits amounting to $101.38, leaving balance due the estate of $3,110.42. The second annual settlement, August, 1866, charges the administrator with $3,110.42; with credits of $88.50; leaving a balance of $3,021.92.

May 3rd, 1869, three years after the last settlement, the final settlement is filed, in which he is charged with the $3,021.92 and "interest on $1,800," $297; making $3,318.92; with credits of $1,063.90; leaving balance due estate $2,-255.02.

Taking this showing so far, it would seem that the administrator had cash and interest-bearing notes from the date of the inventory, June 7th, 1864, to May 3rd, 1869, amounting to $2,235.

It appears from two mortgages given by Wm. B. Porter to Geo. W. Smiley, and from Porter's deposition that he, Porter, borrowed from Smiley May 11th, 1864, $1,300, and January 6th, 1865, $695.40, and that Smiley said he held this money as administrator of Hy. W. Smiley, and that he paid compound interest on it. Smiley's receipts show that the mortgages were satisfied April 15th, 1868. There is other evidence showing pretty conclusively that this administrator had loaned money to other parties, and

that the rate of interest was ten per cent per annum. There is nothing in the record showing any reason why the administration of this estate should be prolonged from June, 1864, to May, 1869.

The most of the property seems to have been real estate, cash and interest-bearing notes and requiring no long time to settle it up. But however this may be, if an administrator collects interest from money of the estate in his hands, it is certainly assets belonging to the heirs, for which he is bound to account. I think the evidence clearly shows that Geo. W. Smiley mingled the money of the estate with his own and loaned it out, taking notes in his own name drawing ten per cent interest, compounded; that he failed to account in his settlements for all the interest he received, which of right belonged to the estate; that he concealed this fact from the court and from the heirs; that such omission to include it in his settlements and concealment worked a wrong to the heirs, which constitutes such a fraud as will justify setting aside the final settlement. *Clyce v. Anderson*, 49 Mo. 37; *Merritt v. Merritt*, 62 Mo. 150; *Houts v. Shepherd*, 79 Mo. 141.

The judgment of the circuit court must, therefore, be reversed and the cause remanded for further hearing; and that court is directed to set aside the final settlement and ascertain, on a full accounting, the amount received by him with all interest due to the plaintiffs, and render a decree therefor; MARTIN, C., concurring; PHILIPS, C., having been of counsel in the case, does not sit.

NORTON, J., absent.