FLANNERY *et al.*, *Appellants*, v. COATES *et al.*

**Paper Deposited in Bank for Collection and Credit.** If paper be deposited in or forwarded to a bank for collection, and in pursuance of the usual mode of dealing, the bank places the amount to the credit of the depositor, and the latter thereupon draws, or is entitled to draw, against the same as cash, this works a transfer of title so that the depositor cannot afterward claim the paper, and it is immaterial that if the paper is not paid the bank has the right to charge it back. *Ayres v. Bank*, 79 Mo. 421, followed and re-affirmed.

*Appeal from Jackson Circuit Court.*—HON S. H. WOODSON,
Judge.

AFFIRMED.

*Cates, Campbell & Keplinger* for appellant.

*Woodson* and *Karnes & Ess* for respondent.

EWING, C.—On August 1st, 1878, plaintiffs, bankers at
Parkville, owned a draft drawn by Collier & Atkins, on the
defendants Cockrill, who were bankers at Platte City, for
$600, payable to J. L. Johnson, or order. On the same day
plaintiffs drew on S. C. Woodson of Platte City, for $500,
in favor of the Mastin Bank, and on the same day sent
both drafts to the Mastin Bank, inclosed in a letter as fol-
lows:
"PARKVILLE BANK, PARKVILLE, Mo., Aug. 1, 1878.
JOHN J. MASTIN, ESQ., Cashier, Kansas City, Mo.:
*Dear Sir:* I inclose for our credit, etc." Were re-
ceived by the Mastin Bank on the 2nd day of August, and
credited on its books to plaintiffs, and on the same day for-
warded to Cockrill & Co., at Platte City, "for collection
and credit," and charged them to Cockrill & Co. Were
received by C. & Co. the same evening, and were paid on
the morning of August 3rd, and credited to the Mastin
Bank, which left due the Mastin Bank a balance of $226.43,
which was afterward sent to and received by the assignee,
Coates. That it was a custom among corresponding banks
and of the Mastin Bank, to credit drafts sent by corres-
pondents for collection on receipt, without awaiting instruc-
tions, and in case of non-payment, to charge them back.
That the Mastin Bank closed its doors on the evening of
August 2nd, and made a general assignment on the 3rd.
The plaintiffs seek to hold the receiver, Coates, and the de-
fendants, Cockrill, upon the theory that the Mastin Bank
was acting only as plaintiffs' agent, and that the drafts were
not paid until after the suspension of the Mastin Bank.

This identical question has been decided at this term, in a-well considered opinion, by Mr. Justice HENRY, in the case of *Ayres v. Farmers & Merchants' Bank*, 79 Mo. 421. In that case the authorities are reviewed, and we deem it unnecessary to more than refer to it. See also *Bullene v. Coates*, 79 Mo. 426.

The judgment below is affirmed    All  oncur.