Bank v. Roll.

MIDLAND NATIONAL BANK, Respondent, v. E. B. ROLL, Appellant.

### Kansas City Court of Appeals, January 28, 1895.

1. **Negotiable Instruments:** INDORSEMENT FOR COLLECTION: TITLE: CUSTOM. Ordinarily an indorsement "for collection" does not carry title to the paper, yet when such indorsement is made in pursuance of an understanding and dealings between the parties whereby the check is credited and treated as a cash deposit subject to check, the ordinary rule does not obtain.

2. **Banks and Banking:** CHARGING BACK CHECK. Where a bank receives a check and gives credit therefor subject to check and on its nonpayment charges it back to the depositor, it does not necessarily revest the title in the depositor, especially where the evidence shows such was not the intention.

3. **Appellate Practice:** NEGOTIABLE INSTRUMENTS: INDORSER. *Suggested:* If the defense had been presented on the trial of this case on the theory that, since plaintiff sued defendant as an indorser and on his liability under the law merchant, his right should be governed by that law, the conclusion might have been different, as a restrictive indorsement does not upon its face make the holder the owner.

4. **Negotiable Instrument:** INDORSEMENT: EVIDENCE. While parol evidence may be admitted to explain the relations between the parties, yet it ought not perhaps to be admitted as against a prior indorser whose liability must be traced through indorsements thus sought to be altered.

*Appeal from Jackson Circuit Court.*—HON. C. L. DOBSON, Judge.

AFFIRMED.

*Botsford & Williams* for appellant.

(1) The restrictive indorsement of a bill or check for collection destroys the negotiability of the paper, and operates as a mere authority to the transferee to receive the proceeds for the use of the indorser. *Bank*

*v. Packing Co.*, 4 Mo. App. 200–211; s. c., 70 Mo. 643; *Patterson v. Cave*, 61 Mo. 439; *Quigley v. Bank*, 80 Mo. 295; *Weber v. Orton*, 91 Mo. 677–680; *Bank v. Bank*, 107 Mo. 402, 407, 410, 412, 413; *Bury v. Woods*, 17 Mo. App. 245. The indorsement "for collection and credit" did not authorize the crediting of the check until it was collected. *Bank v. Armstrong*, 148 U. S. 50. (2) The effect of the fraud of the trust company in taking while it was hopelessly insolvent said check from appellant, was that appellant did not lose title to the check as against said trust company, as the court announced in appellant's first declaration given by the court. *R. W. Co. v. Johnston*, 133 U. S. 566, 576; *Cragie v. Hadley*, 99 N. Y. 131; *Somerville v. Beal*, 49 Fed. Rep. 790; s. c., 50 Fed. Rep. 647. And as appellant had the right to recover said check as against said trust company, it had and has the same right as against the respondent to whom the check was indorsed for collection. (3) The charging of the amount of that check by respondent back to the trust company, revested whatever title respondent had received by the restricted indorsement for collection back in the trust company. *Griffith v. Conway*, 45 Mo. App. 574, 576.

*Lathrop, Morrow, Fox & Moore* for respondent.

(1) The indorsement of the appellant Roll was unrestricted. The appellant deposited the check with the Continental Trust Company, received credit for it, *was entitled to draw against it and did draw against it;* this passed title to the Continental Trust Company, regardless of the latter's solvency or insolvency. *Ayers v. Bank*, 79 Mo., 421; *Flannery v. Coates*, 80 Mo. 444; Morse on Banks and Banking, sec. 573; *St. Louis v. Johnson*, 27 Fed. Rep. 243; *Balbach v. Frelinghuysen*, 15 Fed. Rep. 675. (2) The Continental Trust Com-

pany being the holder of the title to the check and depositing the check in the respondent's bank for credit and drawing against the proceeds, the title to this check passed to respondent by the same rule of law. Authorities cited last above. (3) Irrespective of the title of the Continental Trust Company to the check, the respondent, being an innocent holder for value, and the check being indorsed by appellant without restriction and duly protested, can enforce Roll's liability as indorser, as in case of any other negotiable instruments. *Shoe and Clothing Co. v. Crosswhite*, decided July 9, 1894, by the supreme court of Missouri and reported in 27 S. W. Rep. 397. In this view of the case it makes no difference whether the check was obtained by the Continental Trust Company through fraud, or not. (4) The fact that the check was charged back to the account of the Continental Trust Company is immaterial. The intention with which the check was charged back determines the effect of the recharging. This is clearly the spirit of the law as laid down in *Appleton v. Kennon,* 19 Mo. App. 637; *Lebo v. Goode,* 67 Mo. 126; *Ware v. Lee,* 26 Mo. App., 99, and many other cases. (5) Under the banker's lien, as defined in this state, respondent has a clear right to the check in controversy. *Milliken v. Shapleigh,* 36 Mo. 596; *Bury v. Woods,* 17 Mo. App. 245; Morse on Banks and Banking, chap. 22, sec. 576.

ELLISON, J.—The plaintiff sued defendant as indorser of a bank check for $196, and recovered judgment in the circuit court.

The facts, since the finding of the trial court in plaintiff's favor, may be stated to be these: Defendant had business relations with the Continental Trust Company, which did a banking business. Arnoldly Bros. drew their check in favor of defendant for the

sum aforesaid, on the Beloit State Bank. Defendant indorsed the check in blank and deposited it with the Continental Trust Company and received credit therefor—said company being then insolvent, unknown to defendant, but known to its officers to be so. On the same day the Continental Trust Company deposited it with the plaintiff bank, placing the following indorsement thereon:

"Pay W. H. Winants, cashier, or order for collection and credit for account of Continental Trust Co., Kansas City, Mo.

"H. S. LYNN, Treas."

The plaintiff gave the trust company credit for the amount on its books. Plaintiff immediately mailed the check to Beloit Kansas, for collection, but payment was refused and the check returned to plaintiff, who, on the day of its return, "charged it back to the Trust Company," both on its own books and on the Trust Company's pass book. It was shown that the custom and understanding between plaintiff and the Trust Company was to give the latter credit for deposits of checks indorsed as this one was, and to allow it to check on such deposit as a cash item. So, while ordinarily an indorsement "for collection," or, an indorsement "for collection and credit," does not carry the title to the paper, yet, when such indorsement is made in pursuance of an understanding and of dealings between the parties, whereby the check is taken, credited and treated as a cash deposit subject to check, the ordinary rule does not obtain. *Ayers v. Bank*, 79 Mo. 421; *Flannerly v. Coates*, 80 Mo. 44; *Bury v. Woods*, 17 Mo. App. 245; *Carroll v. Bank*, 30 W. Va. 518; *Dickerson v. Wason*, 47 N. Y. 439; *Hoffman v. Bank*, 46 N. J. L. 604. Especially when, as in this case, there was evidence tending to show that defendant drew on his deposit with the Trust Company, and that

the Trust Company drew on the deposit with plaintiff.

It is contended that plaintiff, by charging back the check to the Trust Company, divested itself of title. But the evidence tended to show that this was not done to revest the title in the Trust Company—that that company had made an assignment, and this was a mode adopted to prevent losing sight of the check. So the court could well thave believed that plaintiff's act in charging back the amount of the check was not to revest the title in the Trust Company, but merely to preserve a history of the result of the transaction. We do not regard the right to charge back, or the act itself, as concluding plaintiff on the question of title. See *Ayers v. Bank, supra.*

We, therefore, hold that plaintiff, under the foregoing facts, took a perfect title to the check, and under the theory on which the case was tried below, the judgment was for the right party, and should be affirmed.

Defendant's answer denied the allegations of plaintiff's statement, though no statement appears to have been presented, unless the mere filing of the check with its indorsement and protest, be considered a statement. The answer then proceeded to set up a state of facts denominated a set-off, alleging the check to be the property of defendant, by reason of the fact that he had indorsed it to the Trust Company, when that company was, without his knowledge, utterly insolvent, and that the trust company had only indorsed it to plaintiff as its agent, for collection; and that he had demanded the check of plaintiff, who had refused to deliver and had thereby converted it. The entire scope of the defense as presented, both in pleadings and instructions, is upon the theory that plaintiff had no title to the check, and that the title was in defendant. We are thus particular to dwell upon the case as

tried, for the reason that our determination of it might be misleading as a precedent. If the defense had been presented to the trial court on the theory that, since the plaintiff sued the defendant as an indorser of commercial paper, and on his liability under the law merchant as such indorser, his rights should be governed by that law, our conclusion might have been different. For, notwithstanding plaintiff took the title to the check, under the facts stated, it does not necessarily follow that plaintiff also acquired rights, under the law merchant, to go back and sue a prior indorser. To do that, plaintiff should have received the check by regular indorsement, in the regular course of business, as these terms are understood by the law merchant. The indorsement in this case was a restrictive indorsement, and made of plaintiff, upon its face, not the owner thereof, but merely the agent of the Trust Company to collect. 2 Randolph, Com. Paper, sec. 726; *Bank v. Bank*, 107 Mo. 402. It was not an indorsement such as would confer upon plaintiff the rights of an innocent holder for value in the regular course of business. It did not, on its face, confer upon plaintiff a right to go upon defendant as a prior indorser and recover, regardless of the equities which might exist between the defendant and the Trust Company. And, notwithstanding the evidence, under the authorities aforesaid, was admissible to show the relation existing and the understanding had between plaintiff and the Trust Company, and thereby changing the nature of the indorsement as between them, yet such evidence ought not, perhaps, to be admitted as against a prior indorser whose liability must be traced through the indorsement thus sought to be altered. Such indorser would have the right to insist that parol evidence is not admissible to vary the terms of a written contract. And so the law is that, when an indorse-

ment is expressed in unambiguous terms, parol evidence is not admissible to vary its legal effect. Tiedeman, Com. Paper, secs. 273, 274; *Lewis v. Dunlap*, 72 Mo. 174.

These remarks are outside the case as presented, and are not intended as deciding the points suggested. They are only added for the reason before stated.

The judgment is affirmed. All concur.