JOHN DOWNEY, Respondent, v. MISSISSIPPI RIVER & BONNE TERRE RAILWAY COMPANY, Appellant.

**St. Louis Court of Appeals, April 15, 1902.**

1. **Railroads:** DAMAGES FOR KILLING STOCK BY RAILROAD COMPANY: DUTY OF RAILROAD COMPANY TO FENCE RIGHT OF WAY IN CITIES. A railroad company does not have to fence its tracks within the limits of a city or town, whether incorporated or not, if the streets and highways of the town would be obstructed thereby.

2. ——: ——: ——: DUTY TO FENCE IN INCORPORATED TOWNS. But if the town is unincorporated, it must fence if it can do so without obstructing the streets except when it needs to keep its tracks open within reasonable switch limits for the convenient transaction of business and the safety of its employees in handling cars.

3. ——: ——: ——: QUESTION FOR JURY. And it is for the jury, or the court sitting as a jury, to say throughout what distance it is necessary to leave the tracks unfenced.

Appeal from St. Francois Circuit Court.—*Hon. Frank R. Dearing,* Judge.

AFFIRMED.

*Wm. Carter, Huff & Sleeth* for appellant.

The court erred in refusing instructions offered on the part of defendant, as under the evidence in this case plaintiff was not entitled to recover. Pearson v. Railroad, 33 Mo. App. 546; Jennings v. Railroad, 37 Mo. App. 652; Cox v. Railroad, 128 Mo. 362; Spooner v. Railroad, 66 Mo. App. 32; Crenshaw v. Railroad, 54 Mo. App. 233; Lloyd v. Railroad, 49 Mo. 199; Ellis v. Railroad, 89 Mo. App. 241; Wright v. Railroad, 56 Mo. App. 367.

*R. C. Tucker* and *Pipkin & Swink* for respondent.

(1)   Railroad companies are required to erect and maintain fences along the sides of its road at all points, except at crossing of public roads and within the limits of incorporated cities, and sufficient amount of space about its depots for the transaction of business with the public; and what amount of space about its depot is necessary is not left to the arbitrary judgment of the railway company, but is a question of fact for the court (sitting as a jury).   Vanderworker v. Railroad, 51 Mo. App. 166; Taylor v. Railroad, 28 Mo. App. 556; Ellis v. Railroad, 89 Mo. App. 241; Riley v. Railroad, 89 Mo. App. 575; Brandenburg v. Railroad, 44 Mo. App. 224; Prather v. Railroad, 84 Mo. App. 86.   (2)   Where the court is the trier of facts an appellate court has no right to reverse its finding, unless it is satisfied he acted arbitrarily, under the influence of passion or prejudice, and there is nothing in this record to show that the court acted arbitrarily under the influence of passion or prejudice.   Ellis v. Railroad, 89 Mo. App. 241.

GOODE, J.—This action was begun to recover double damages for the killing of a sow belonging to the plaintiff, by one of the defendant's trains.   The accident occurred about one hundred and forty yards south of the depot or station at Desloge, an unincorporated town on the defendant's line.

It is not possible for an appellate court to gather from the evidence in the record any distinct understanding of the vicinity of the spot where the animal was killed; but it does appear the defendant's main track, and also two side tracks, run parallel at that point and for a considerable distance north and south of it; also, that land on the east of the track is laid out in town lots with some houses built on them; while on the west no lots are platted immediately opposite the point where the sow was struck, but some are platted a little to the south.

The evidence is uncontradicted that no streets cross the railway track any nearer to said spot than sixty feet from the station, where it seems there was a crossing. One hundred and seventy yards north of the station; that is to say, about three hundred and ten yards from where the sow was struck, a county road crosses the track. Much of the testimony, and perhaps all of it, goes to show the switches spoken of were only used for handling cars, and that freight and passengers were not received or discharged anywhere along the tracks except at the station. The right of way was unfenced at the time of the accident, but the company was preparing to fence it and it has since done so.

The defense urged is, that as the animal was killed within the defendant's switch limits, it is not liable, and complaint is made of the refusal of the court to give the following declarations of law which were requested by the defendant:

"The court declares the law to be, that if the evidence shows that the defendant's road at the point where the sow in question was killed was paralleled by side tracks which extended from said point both north and south, and that said road and one or both of said switches were crossed by a public road; then the defendant was not bound to fence said road at said point though the place where the accident to plaintiff's sow occurred was as much as one hundred and seventy yards from where the public road crosses the defendant's road.

"The court declares the law to be that, if the evidence shows that the sow in question was killed by one of defendant's trains at a point about one hundred and forty yards south of the depot station of Desloge, a regular station on defendant's road, and that at said point the main line of defendant's road is paralleled by two switches extending for some distance north of said depot, past the same and also past the point at which the sow was killed and that said switches were in constant use by the defendant in handling and switching its cars from one to the other and on to the main track, and that on both sides

of said track and switches the property was divided into town lots and blocks (though the town was not incorporated) and if the evidence further shows that said track and switches were crossed by a public road north of said depot and about one hundred and seventy or one hundred and eighty yards from the point where the sow was killed, then the plaintiff can not recover."

The vice of the foregoing declarations is that instead of propounding a legal theory concerning the defendant's right to leave its tracks unfenced within its switch limits, if fencing them would have discommoded it in receiving and discharging freight or passengers, or have increased the peril of its employees in handling trains, they asked the trial court to declare the law to be that the company was not bound to fence within one hundred and seventy yards of where the public road crosses the defendant's right of way, if it had three parallel tracks along there which it used in handling and switching cars, and if the land on either side was divided into town lots and blocks. There is no such rule of law as that.

Certain propositions material to the determination of the case are well settled. A railway company does not have to fence its tracks within the limits of a city or town, whether incorporated or not, if the streets and highways of the town would be obstructed thereby; but if the town is unincorporated, it must fence if it can do so without obstructing the streets, except where it needs to keep its tracks open within reasonable switch limits for the convenient transaction of business and the safety of its employees in handling cars. But the company is not the sole judge of the space which it may leave unfenced for a yard or switch limits. It is for the jury, or the court sitting as a jury, to say throughout what distance it is necessary to leave the tracks unfenced. Brandenburg v. Railroad Company, 44 Mo. App. (St. L.) 224.

Of course, sometimes the evidence may show without dispute that a necessity did exist for the tracks to be unin-

closed at the point where an animal was killed; and when this is so, an appellate court may reverse a judgment against the company on an examination of the testimony. Jennings v. Railroad, 37 Mo. App. (K. C.) 652; Crenshaw v. Railroad, 54 Mo. App. (K. C.) 233.

But in the present case, it is by no means a necessary inference from the evidence that the defendant was bound to have open tracks where the plaintiff's sow was killed. Indeed, the natural inference is the other way; for it was beginning to inclose them at the time, and has since done so. Hence, there is no warrant for us to reverse the judgment on account of the court's refusal to give the foregoing declarations in which it was asked to say peremptorily the defendant was not bound to fence the road where the animal was killed if there were parallel tracks at that point and a public road crossing one hundred and seventy yards distant. We can not interfere with the trial court's ruling on the declarations unless we are prepared to decide that the undisputed evidence established the necessity of open tracks at that point, which we can not do; because, instead of the evidence showing such necessity without contradiction, the evidence to show it was necessary to keep the tracks open there, was slight.

The judgment is, therefore, affirmed.  *Bland, P. J.,* and *Barclay, J.,* concur.