R. G. HENDLEY, Appellant, v. GLOBE REFINERY COMPANY, Defendant; AMERICAN NATIONAL BANK of Louisville, Kentucky, Interpleader, Respondent.

Kansas City Court of Appeals, March 7, 1904.

1. **APPELLATE PRACTICE: Evidence: Witnesses: Credibility.** Expressions of opinion by a witness are immaterial and do not affect his credibility.

2. **BANKS AND BANKING: Deposit: Law and Fact.** In the absence of an express agreement the deposit of a draft with a bank raises no question of fact for the jury but becomes a question of law for the court.

3. ———: ———: **Collection: Charging Back.** Paper deposited in a bank for collection and placed to the credit of the depositor subject to his checks works a transfer of the title and it is immaterial that the bank can charge it back if it is not paid.

4. ——: ——: ——: ——: On the evidence in this case it was the duty of the court to direct a verdict.

5. **APPELLATE PRACTICE: Court of Appeals: Supreme Court.** The Court of Appeals will follow the latest expression of the Supreme Court.

Appeal from Jackson Circuit Court.—*Hon. J. H. Slover*, Judge.

AFFIRMED.

*Karnes, New & Krauthoff* for appellant.

(1) The parties to the trial of the issues in this case were not concerned with the controversy between plaintiff and defendant, and the interpleader was bound to recover upon its own title. Nelson Dist. Co. v. Hubbard, 53 Mo. App. 23; Hewson v. Tootle, 72 Mo. 632; Dry Goods Co. v. Carr, 83 Mo. App. 318. (2) The single issue was the interpleader's ownership of the money. If there was any evidence however slight, whether direct or inferential, upon which a jury might have based a verdict in favor of the plaintiff, the trial court erred in taking the case from the jury. Twohey v. Fruin, 96 Mo. 104; Callahan v. Warne, 40 Mo. 131; Buesching v. Gas Light Co., 73 Mo. 219; Wilson v. Board of Education, 63 Mo. 137; Charles v. Patch, 87 Mo. 450; Lee v. Knapp & Co., 137 Mo. 385; George v. Railway, 40 Mo. App. 433; Hadley v. Orchard, 77 Mo. App. 1; Overstreet v. Moser, 88 Mo. App. 72; Ward v. Steffen, 88 Mo. App. 571; Frick v. Railway, 75 Mo. 595, 601; Gannon v. Gas Co., 145 Mo. 502; George Adams & Frederick Co. v. Bank, 123 Fed. 641. (3) Where the indorsement is not restrictive, it is a question for the jury whether or not the original bank takes commercial paper from the depositor, as a purchaser, or as an agent for collection. 2 Randolph on Com. Paper, sec. 726; Bank v. Brightwell, 148 Mo. 358; Packing Co. v. Davis, 118 N. C. 548, 24 S. E. 365; Balbach v. Frelinghuysen, 13

Fed. 675; Railway v. Johnston, 133 U. S. 566; Ayres v. Bank, 72 Mo. 421; Bullene v. Coates, 79 Mo. 426; Flannery v. Coates, 80 Mo. 444; Skyles v. Bollman, 12 Mo. App. 597; 85 Mo. 35; Kirschenschlager v. Armitage Herschel Co., 58 Mo. App. 165; Neill v. Produce Co., 23 S. E. (W. Va.) 702.

*Thomas T. Crittenden* and *Elijah Robinson* for respondent.

(1) The documentary evidence in this case, the probative force and effect of which it was the duty of the court to declare, made a prima facie case for the interpleader, and there was not a particle of evidence to rebut this prima facie case. The court, therefore, did right in directing the jury to return a verdict for the interpleader. (2) There is no question but what it was the duty of the court to pass upon and declare the probative force and effect of this documentary evidence, and to direct a verdict thereon, if it was legally sufficient to make out a prima facie case in favor of the interpleader, and uncontradicted. 6 Ency. of Pl. and Prac. 675; Bevans v. U. S., 13 Wall. 56; Knox v. Fair, 17 Ala. 503; Heinsen v. Lamb, 117 Ill. 549; Ins. Co. v. Butler, 70 Ind. 1; Potter v. Wooster, 10 Iowa 334; Webb v. Mears, 45 Pa. St. 222; Williams v. Davidson, 43 Tex. 1; Ayres v. Bank, 79 Mo. 421; Bullene v. Coates, 79 Mo. 426; Flannery v. Coates, 80 Mo. 444. (3) Under the evidence in this case the trial court could not possibly have done otherwise than direct a verdict for the plaintiff. Jackson v. Hardin, 83 Mo. 175; Mexico v. Jones, 27 Mo. App. 534; Reichenbach v. Ellerbe, 115 Mo. 588; Heit v. Railway, 130 Mo. 132; Powell v. Railway, 76 Mo. 80; Avery v. Fitzgerald, 74 Mo. 207; Long v. Moon, 107 Mo. 338; Bank v. Hainlane, 67 Mo. App. 483; Huttig v. Gitchell, 69 Mo. App. 115.

BROADDUS, J.—On the fifteenth day of April, 1902, the Globe Refinery Company delivered to a railroad company at Louisville, Kentucky, to be shipped to Kansas City, two cars of oil, and received from said railroad company a shipper's order bill of lading therefor, whereby the said railroad company acknowledged the receipt of said oil and agreed to transport the same to Kansas City, and there deliver the same to the order of said Globe Refinery Company, and to notify Peet Bros. Manufacturing Co. Said refinery company had contracted with said manufacturing company to sell it said oil and on said April 15, 1902, said refinery company drew a draft on said Peet Bros. Manufacturing Co., payable to its own order, for the purchase price of said oil, and thereupon indorsed said draft, "For deposit. Pay to the order of the American National Bank, Louisville, Kentucky. Globe Refinery Company by H. F. Donigan, President," and deposited the same, with said bill of lading, indorsed in blank, thereto attached, in the said American National Bank, the above named respondent. Upon said draft and bill of lading being deposited as aforesaid, the said American National Bank gave said Globe Refinery Company credit for the amount thereof, $4,254, in its account in said bank, and the same thereupon became subject to the checks of said Globe Refinery Company, and, in point of fact, the whole amount of said deposit was, during the same day, and in the usual course of business, checked out of said bank by said Globe Refinery Company. On the same day said draft was indorsed. "Pay any bank or banker or order American National Bank, Louisville, Kentucky, Charles Warren, Cashier, April 15, 1902," and sent to the Fort Dearborn National Bank of Chicago for collection, and upon receipt of the same said Chicago bank sent said draft to the Stock Yards Bank of Commerce of Kansas City, for collection. The American National Bank, at the time it sent said draft to the Chicago bank, charged the amount thereof to said Chicago bank, and

upon receipt of said draft said Chicago bank credited the amount thereof to said American National Bank. Shortly after said draft and bill of lading were received by said Stock Yards Bank of Commerce, the plaintiff instituted this suit and caused notice of garnishment to be served on said bank, intending thereby to attach said draft and bill of lading as the property of said Globe Refinery Company. Thereupon, to avoid trouble, expense and inconvenience, it was agreed by the parties concerned, that said Stock Yards Bank of Commerce might deliver said bill of lading to said Peet Bros. Manufacturing Co. and collect from said company the amount of said draft, and that said Stock Yards Bank of Commerce should hold the proceeds of said draft a sufficient length of time to give the said plaintiff an opportunity to serve upon it another notice of garnishment, which the said plaintiff did, causing the sheriff to notify said Stock Yards Bank of Commerce that he attached in its hands the proceeds of said draft as the property of the said Globe Refinery Company, the above named defendant. On the second day of the then ensuing term of the circuit court, the said American National Bank filed its interplea in said cause claiming the proceeds of said draft which had been attached in the hands of said Stock Yards Bank of Commerce, as aforesaid. Afterwards, plaintiff filed an answer to said interplea, denying each and every allegation therein contained.

On the trial of the issue between the interpleader and the plaintiff, the interpleader put in evidence the said draft, with the indorsements thereon as aforesaid, and also a copy of the deposit slip showing the deposit of said draft in the said American National Bank, to the credit of the said Globe Refinery Company, and a copy of the account of the said Globe Refinery Company, taken from the books of the American National Bank showing that the amount of said draft was placed to the credit of said Globe Refinery Company on said fifteenth

day of April, 1902, the day the same was deposited, and that the whole thereof was checked out by said Globe Refinery Company on the same day.

The depositions of the cashier and president of interpleader, and that of the secretary and treasurer of the Globe Refinery Company were read in evidence. The latter testified that said refinery company sold to the interpleader said draft in the usual course of business, received credit for the same, and used the proceeds in its business and for its own benefit; that after the draft, or the proceeds, were attached, the cashier of the interpleader endeavored to have defendant company consent to having the draft charged back to his company which he refused; and that interpleader had not as yet credited to the Chicago bank the draft in question. The evidence of the cashier and president is to the same effect.

The Fort Dearborn National Bank of Chicago when it learned that the draft had been attached charged it back to the interpleader, but it still remains on its books as a credit against said Chicago bank. The president of the interpleader bank on cross-examination was asked, "Did the Fort Dearborn National Bank purchase all this paper outright?" (referring to the draft in question and other paper). To which he answered, "Yes. They credited our account with the total footing of that latter." Q. "Then you mean to say, Mr. Murray, that the Fort Dearborn National Bank became the owner of this draft or check mentioned in the letter," etc. A. "I do." He however stated in his evidence that the draft was sent to the Fort Dearborn Bank for collection. He also further stated that the credit and standing of Peet Bros. was unknown to him and that the draft was received upon the financial standing of the Globe company.

The court at the close of the evidence peremptorily instructed the jury to return a verdict for the interpleader.

Plaintiff contends that as there was a conflict in the testimony the issue should have been submitted to the jury. He assigns the following reasons therefor: "The fact that no arrangement or agreement was made concerning the draft but that it was deposited in the usual course of business, not discounted or sold outright; that the officers of the bank made contradictory statements concerning its ownership at the time of the suit and stated unequivocally and affirmatively that it belonged to the Fort Dearborn National Bank; that the credit and standing and solvency of Peet Bros. was not known, nor even considered by the bank when the draft was deposited, but that it was received upon the financial standing of the Globe Refinery Company alone, and that the bank took the position and takes the position now that it has the right to charge back the proceeds of the draft."

The statement of Murray, president of the interpleader bank, that the Chicago bank was the owner of the draft and another statement that said bank took it for collection only, are not statements of facts but merely expressions of opinion, and, as such, immaterial. The statement of an immaterial matter does not affect the credibility of a witness.

In the absence of any express agreement had at the time the draft passed to the interpleader from the Globe Refinery Company, the transaction itself as it occurred, about which there is no dispute, raised no issue of fact for the jury but it became a question of law for the court. Such is the rule in all cases where the facts are undisputed. And the fact that interpleader had no knowledge and sought none as to the financial standing of Peet Bros., the drawees, and that interpleader sought to have the amount of the draft charged back to the Globe Refinery Company, has no significance, as it had the right to rely upon the solvency of the latter and to have said amount so charged back to said company. Flannery v. Coates, 80 Mo. 444. In the case just cited the

court held: "If paper be deposited in or forwarded to a bank for collection, and in pursuance of the usual mode of dealing the bank places the amount to the credit of the depositor, and the latter thereupon draws, or is entitled to draw, against the same as cash, this works a transfer of title so that the depositor can not afterwards claim the paper, and it is immaterial if the paper is not paid the bank has the right to charge it back." The decision followed and reaffirmed the holding in Ayres v. Bank, 79 Mo. 421.

The principle in the two cases named applies to the one under consideration. There was at most no substantial evidence to overcome the prima facie case of interpleader to the effect that the draft in question was deposited to the credit of the Globe Company with the right to draw against the same as cash. It was the duty of the court to direct a verdict for interpleader. Hite v. Railway, 130 Mo. 132; Downey v. Railway, 94 Mo. App. 137; Glasscock v. Railway, 82 Mo. App. 146; May v. Crawford, 150 Mo. l. c. 527.

The case of Gannon v. Gas Co., 145 Mo. 502, seems to be in conflict with these last cited; but as May v. Crawford, supra, is the latest expression of the Supreme Court on the law in that respect, it is to be followed.

The pertinent facts being uncontroverted there was nothing left for the jury to determine. The question was a matter of law. Affirmed. All concur.