COTTONDALE PLANTING COMPANY, APPELLANT, v. DIEHLSTADT BANK, RESPONDENT.*

In the Springfield Court of Appeals. Opinion filed July 17, 1926.

1.—Banks and Banking—Drafts—Preference—Insolvent Bank—Facts Held to Create Relation of Debtor and Creditor, hence no Ground for Preference. Relation of debtor and creditor, rather than principal and agent, held to exist where bank credited depositor's account with amount of draft drawn by latter payable to bank, and allowed him to check against it, but reserved right to charge back amount of draft if it was not collected, so that such amount did not constitute preferred claim against bank, when it became insolvent after receiving draft.

2.—Same—Insolvent Bank—Accepting Draft for Deposit—Rights of Depositor. Where bank accepts draft for deposit, knowing itself to be hopelessly insolvent, depositor has right to rescind and follow money deposited, even into hands of commissioner of finance.

3.—Same—Knowledge of Bank's Officers as to Insolvency of Bank Held Question of Fact. Whether bank's officers had knowledge of its insolvency when they credited depositor's account with certain draft held question of fact, which after finding below, court of appeals could not interfere with.

---

*Corpus Juris-Cyc. References: Banks and Banking, 7CJ, p. 635, n. 28, 29; p. 730, n. 18; p. 731, n. 19; p. 732, n. 23 New; p. 748, n. 50.

Appeal from the Circuit Court of Scott County.—Hon. Frank Kelly, Judge.

AFFIRMED.

*H. C. Blanton* for appellant.

(1) The claimant is entitled to have its demand allowed as a preferred claim under the first count in appellant's petition if the draft were left for collection because the amount claimed constitutes a trust fund. (a) Where a bank has credited an account with a draft, and even allowed depositor to check against the same, if the bank reserved the right to charge back the amount of the draft if not collected, the bank did not become the owner of the draft and the relation of debtor and creditor did not exist but that of principal and agent. Midwest Nat'l Bank v. Parker Co., 245 S. W. 217, 220, 211 Mo. App. 413; Briggance v. Bank of Cooter, 200 S. W. 668; Citizens State Bank v. Ferson, 208 S. W. 136; Midland Nat'l Bank v. Brightwell, 148 Mo. 358, 49 S. W. 994; Bank of Buchanan County v. Gordon, 250 S. W. 648, 650. (b) Where draft is accepted by a bank for collection only, the proceeds remain the property of the drawer and the relation is that of principal and agent and not of creditor and debtor. Midland Nat'l Bank v. Brightwell, 148 Mo. 358, 49 S. W. 994; Thompson v. Bank of Syracuse, 278 S. W. 810; Bank v. Sanford, Assignee, 62 Mo. App. 394. (c) Where a collection has not been made before collecting bank has become insolvent, any money thereafter received is the property of the principal and no change of the relationship of principal and agent to that of creditor and debtor can be effected after the insolvency of the bank. 3 R. C. L., 635, sec. 264; 7 C. J., 625, sec. 301; Nat'l Butchers Bank v. Hubbell, 117 N. Y. 384, 22 N. E. 1031. (d) Where assets of an insolvent bank, which included trust fund, were greater than such fund, *cestui* has a preferred claim; if his fund augmented the funds of the bank. Nichols v. Bank of Syracuse, 278 S. W. 793; Thompson v. Bank of Syracuse, 278 S. W. 811; Harrison v. Smith, 83 Mo. 210; Stoller v. Coates, 88 Mo. 514; 3 R. C. L., 554, Secs. 1811; 3 R. C. L. 638, sec. 268. (e) When bank funds and trust funds are mingled, *cestui que trust* has a lien on whole of assets. Nichols v. Bank of Syracuse, 278 S. W. 793; Thompson v. Bank of Syracuse, 278 S. W. 813; Richardson v. New Orleans Co., 102 Fed. 780; Midland Bank v. Brightwell, 148 Mo. 358, 49 S. W. 994. (2) Claimant is entitled to have its demand allowed as a preferred claim under second count of its petition if the draft were left as a deposit, because of the fraudulent conduct of the bank through its officers. (a) Where a hopelessly insolvent bank receives a deposit it commits a fraud and depositor may rescind and follow the money into the hands of the assignee of the insolvent bank; if its officers knew of its condition. Fisse, Assignee, v. Dietrich, 3 Mo. App. 584 (Memorandum decision); Frisco Rwy. v. Milspaugh, 278 S. W. 786; 3 R. C. L., 557, sec. 184; 3 R. C. L., 635, sec. 264; 7 C. J., 604, sec. 254; 7 C. J., 730, sec. 484. (b) A bank is insolvent

when unable to meet its liabilities as they become due in the ordinary course of business, or, in shorter terms, when it cannot pay its deposits on demand in accordance with its promise. Fed. Res. Bank v. Idaho Assn., 8 F. (2d) 927; 7 C. J., 727, sec. 482; Eads v. Orcutt, 79 Mo. App. 524. (c) It is the duty of the officers of a bank to know its condition, and it is presumed they performed their duty and did know of such condition. Eads v. Orcutt, 79 Mo. App. 524. (d) Officers' knowledge of insolvent condition of the bank may be inferred from the facts and circumstances. Write v. Poole, 272 S. W. 1027; Speer v. Burlingame, 61 Mo. App. 87; Fed. Reserve Bank v. Idaho Assn., 8 F. (2d), p. 928; Sec. 11764, R. S. 1919.

*George W. Kirk* for respondent.

(1) The claimant in this case is not entitled to have its demand allowed as a preferred claim under the first count in plaintiff's petition, inasmuch as the relation established by the transaction in question is that of debtor and creditor, and not that of principal and agent. (a) Where a bank credits an account with a draft or other negotiable instrument and the depositor is allowed to check against the same or has the right to do so, the bank becomes the owner of the draft, even if the bank has reserved the right to charge back the amount of the draft if not collected, and the relationship established is that of debtor and creditor. Magee on Banks and Banking, page 478; Morse on Banks and Banking, page 424; Ayres v. Farmers & Merchants Bank, 79 Mo. 421; Bullene v. Coates et al., 79 Mo. 426; Ayres v. Lebold et al., 79 Mo. 426; Handley v. Globe Refining Company, 106 Mo. App. 20; Flannery et al. v. Coates et al., 80 Mo. 444. (b) Where the relations of debtor and creditor is established by the deposit of a draft, and the depositor receives immediate credit on his demand deposits for same, the question of the time of collection or the mode of collection of draft is no concern of a depositor so long as the bank uses ordinary diligence and care, and if collection is not fully completed until after the insolvency of bank, this does not affect in any manner the relation originally established of debtor and creditor. Ayres v. Farmers Bank, 79 Mo. 421; Bullene v. Coates et al., 79 Mo. 426; Flannery et al. v. Coates, et al., 80 Mo. 444; Kavanaugh v. Farmers Bank of Maitland, 59 Mo. App. 540. (2) Claimant is not entitled to have its demand allowed as a preferred claim under his second count, as he has failed completely in proving that the Diehlstadt Bank was insolvent. (a) The burden of proof in proving insolvency rests on the party who charges insolvency and the depositor must affirmatively show that the bank was insolvent when it received his deposit. Furber v. Dane, 204 Mass. 412, 90 N. E. 859, 27 L. R. A. (N. S.) 808; 7 Corpus Juris, page 730, Footnote (g).

(b) Insolvency under the statutes relating to the recovering of deposits, is an inability to meet the ordinary demands made against the bank in the usual and ordinary course of business. State v. Darrah, 152 Mo. 522; Eads v. Orcutt, 79 Mo. App. 511, 524; 7 Corpus Juris, par. 482, page 727; Dodge v. Mastin, 17 Fed. 660; Atwater v. American Exchange National Bank, 152 Ill. 605, 38 N. E. 1017; Skarda v. State, 175 S. W. 1190. (c) To constitute fraud in receiving a deposit when insolvent, which will authorize a rescission by the depositor and a recovery from receiver, subsequently appointed, the officers of the bank must have known or believed that it was insolvent when the deposit was received; such knowledge cannot be presumed. The fact that the officials knew the bank to be embarrassed is not sufficient. The knowledge which a director shall have in order to permit a rescission of a deposit and a preference, means a guilty knowledge of the insolvency of the bank. 7 Corpus Juris, page 730, footnote (f); Quinn v. Earle, 95 Fed. 728; Furber v. Dane, 90 N. E. 859; Utley v. Hill, 155 Mo. 232 (l. c. 270-71).

BRADLEY, J.—This is an action to have allowed as a preferred claim a demand against the Diehlstadt Bank in the hands of the commissioner of finance for liquidation. The court below refused to give the demand preference and this appeal followed.

Plaintiff's claim for preference is based on two theories, and these are stated in separate counts in the petition. The first theory is that in handling the draft in question the relation of principal and agent, and not that of debtor and creditor, existed. The second theory is that even though the relation of debtor and creditor was created by the transaction respecting the draft, plaintiff is, nevertheless, entitled to a preference on the ground that defendant bank was hopelessly insolvent and was so known to be by its officers when the draft was received by it.

The cause was tried on an agreed statement of facts supplemented by some additional parol evidence respecting the question of insolvency of the bank, and the manner of handling plaintiff's account, checks and drafts.

The facts agreed upon appear in two separate statements designated as plaintiff's exhibits 1 and 2. These exhibits are as follows: ·

"It is stipulated and agreed by and between the plaintiff and the defendant that on May 2nd the defendant, Diehlstadt Bank, now in the hands of the state finance commissioner for liquidation, received from the claimant, Cottondale Planting Company, a certain draft attached hereto and marked plaintiff's exhibit A, which draft was forwarded by the Diehlstadt Bank to the National City Bank of St. Louis, Missouri, its correspondent, for collection and returns; that the National City Bank of St. Louis, Missouri, in turn forwarded same through ordinary channels to Memphis, Tennessee, where said draft

for $1000 was accepted and paid by the drawee, Cheatham Cotton Company, of Memphis, Tennessee, on May 6, 1925, to the Memphis branch of the Federal Reserve Bank of St. Louis; that the proceeds of said draft were forwarded by the Memphis branch of the Federal Reserve Bank of St. Louis, in St. Louis, Missouri, on May 7, 1925, which then credited the account of the Diehlstadt Bank, this defendant, in that sum on said May 7, 1925.

"It is further stipulated and agreed that the defendant, Diehlstadt Bank, closed its doors on May 6, 1925, at 10 o'clock a. m. and has not since said date reopened its doors for business, but has since that time, been in the hands of the state finance commissioner of the State of Missouri, for the purpose of liquidating its affairs; that on the 6th day of May, 1925, the date the said Diehlstadt Bank closed its doors, the said Diehlstadt Bank had on hands, cash or cash items in the sum of $608.69, and had on hand in the National City Bank of St. Louis, Missouri or in other banking institution subject to immediate check, the sum of $698.62.

"It is further stipulated and agreed that during the night of May 5th and 6th, 1925, the cashier of said Diehlstadt Bank, George F. Simpson, committed suicide, and that immediately thereafter said institution closed its doors."

The draft mentioned as exhibit A in the statement, omitting the endorsements, is as follows:

"Diehlstadt Bank.

"Customer's Draft                          Diehlstadt, Mo. 5/2, 1925.

"At sight pay to the order of Diehlstadt Bank $1000 one thousand and no/100 dollars value received, and charge the same to account of

To Cheatham Cotton Company, Memphis, Tennessee.

"COTTONDALE PLANTING. COMPANY

"S. L. PAKE."

The additional agreed statement designated as exhibit 2 is as follows: "It is agreed by the parties named above through their respective attorneys that this case shall be submitted to the court on the following agreed statement of facts:

First: That claimant, Cottondale Planting Company, is engaged in business at Diehlstadt, Missouri, as a partnership.

Second: That said claimant drew a draft upon the Cheatham Cotton Company of Memphis, Tennessee, in the sum of $1000, which draft was given to the Diehlstadt Bank for collection on May 2, 1925, for the account of this claimant.

Third: That said Diehlstadt Bank forwarded said draft to its correspondent, the National City Bank of St. Louis, for Collection, and immediately gave credit to said Cottondale Planting Company for $1000 this credit being placed with demand deposite of said claim-

ant, said claimant being a regular customer and depositor in said Diehlstadt Bank.

Fourth: That the Diehlstadt Bank closed its doors after the aforesaid draft of $1000 was received by it for collection. State Bank examiner, C. M. Duncan, having taken charge of said bank on May 7, 1925. Said bank is now in process of liquidation.

Fifth: That said Diehlstadt Bank was on and before May 7, 1925, a banking corporation duly organized under the banking laws of the State of Missouri, doing a general banking business at Diehlstadt, Missouri.''

It appears from the facts (1) that plaintiff was a regular customer and depositor of the defendant bank; (2) that defendant bank was the payee named in the draft; (3) that plaintiff, at the time the draft was presented, was given credit for the amount thereof; and (4) that this credit was given plaintiff in its demand deposit account.

It appears from the parol evidence that plaintiff had the right to check on its demand deposit account wherein the amount of the draft was credited if it desired to do so, and it also appears that defendant had the right to charge back to plaintiff the amount of the draft if it were not paid. Such was the understanding and practice between plaintiff as customer and depositor on the one hand and defendant bank on the other. It appears that plaintiff's balance during the interim from the time the draft was presented until the bank closed was not below $1000, but this fact would not change the effect of plaintiff's right to check on the account if it desired to do so.

Plaintiff's contention is this: Where a bank credits the account of a depositor with the amount of a draft, and allows the depositor to check against the same, if there is an agreement that the bank may charge back the amount of the draft if not collected, the bank, in such case, would not become the owner of the draft and the relation of debtor and creditor would not be created, but the relation created would be that of principal and agent.

Midwest National Bank & Trust Co. v. Parker Corn Co., 211 Mo. App. 413, 245 S. W. 217, was an action to recover the amount of a draft which had been credited in the demand deposit account of a customer. The facts as appear in the opinion are these: There was an agreement between the bank and the corn company and a course of dealing whereby the corn company would deposit with the bank for collection drafts payable to the bank, and the bank would immediately give the corn company credit for the amount of the draft and allow the corn company at once to check against such credit or deposit. It was further agreed that the bank should receive a collection fee of so much on the $100, and in addition thereto interest on the draft during the time that should elapse between the deposit of the draft and the time the bank received the money thereon. If

a draft was dishonored it was to be protected and the corn company notified, and upon the return of the draft to the corn company that company would reimburse the bank. The bank handled on an average of 10 such drafts per day for the corn company. .There was subsequent modification of this agreement, but the modification does not affect the principle involved.

While the agreement and course of dealing stated above existed the corn company sold a car of corn to one Livingston at Center Junction, Iowa, and Livingston resold to Norris at Center Junction. The corn company shipped the corn to Center Junction and a draft was drawn on Norris payable to the bank, and bill of lading attached. This draft was not honored. Then the corn company sold to Beckwith & Inglis at Wyoming, Iowa. The corn company followed the usual custom and drew its draft on Beckwith & Inglis in favor of the bank in the sum of $1290.90 to cover the purchase price of the corn. Attached to this draft was a shipper's order bill of lading endorsed in blank by the corn company. The bank gave the corn company credit for the amount of the draft, endorsed the same and forwarded it and the bill of lading in the usual way. The draft was not paid, and the bank at first made various endeavors to collect from sources other than the corn company, and did not, according to the corn company's president, demand repayment from the corn company or charge its account with the amount of the draft until after the lapse of about a year and six months.

On these facts it was held that the draft was received for collection only and that the relation created between the bank and the corn company was that of principal and agent and not that of debtor and creditor.

In making disposition of the question there at bar the court used this language:

"We do not think that under the facts in this case plaintiff became at any time the owner of the draft and bill of lading. The draft was taken by plaintiff for collection. The fact that it created defendant's account with the amount of the draft and permitted defendant to draw checks against it immediately and before collection was made, would not create the relation of debtor and creditor between defendant and the bank. It was agreed if collection was not made the amount of the draft should be charged back. Under such circumstances the bank treats the deposit as merely provisional and in case collection is not made the bank reserves the right to charge back the amount credited. [3 R. C. L. 523; Midland National Bank of Brightwell, 148 Mo. 358; Brigance v. Bank of Cooter, 200 S. W. 668.]"

See also Citizens State Bank v. Ferson, 208 S. W. 136; Bank of Buchannan County v. Gordon, 250 S. W. 648; Southwest National Bank v. House et al., 172 Mo. App. 197, 157 S. W. 809. The con-

trolling feature underlying the rulings in some of the cases is stated in Citizens State Bank v. Ferson, supra, to be the agreement existing between the bank and the one who presents and receives credit for a draft. In that case the court says:

"The question as to whether the drafts were deposited for collection only or for credit is one of agreement between the bank and the depositor. [Mudd v. Bank, 175 Mo. App. loc. cit. 403, 162 S. W. 314; Bank v. Refrigerator Co., 236 Mo. loc. cit., 415, 416, 139 S. W. 545.] In some cases it is held that if the draft or deposit is entered as a deposit only as a matter of convenience, intending that it shall be a deposit after collection, the title will not pass to the bank until after collection is made. But that the bank may take title immediately with the intention to attempt collection, with the intent to charge back the amount in case collection is not made, is well established. [Haas v. Kings Fruit Co., 183 S. W. 676; Scott v. McIntyre Co., 93 Kan. 508, 144 Pac. 1002, L. R. A. 1915D, 139.] So the fact that the bank took the drafts on the strength that they would be paid and intended to collect them if possible would not conclusively show that the bank had not purchased the drafts."

Above we have stated the position and contention of plaintiff, and have cited the cases upon which plaintiff relies. Defendant contends that where a bank credits a depositor's account with a check or draft and the depositor is allowed to check against the same or has the right to do so, the bank becomes the owner of the draft or check, even though the bank has reserved the right to charge back the amount of the draft or check if not collected, and that in such case the relation established is that of debtor and creditor and not that of principal and agent.

To support this contention defendant cites Ayres v. Bank, 79 Mo. 421; Hendley v. Globe Refining Company, 106 Mo. App. 20, 79 S. W. 1163; Flannery et al. v. Coates et al., 80 Mo. 444; Dymock v. Bank, 67 Mo. 97; Burton State Bank v. Pease-Moore Milling Company, 163 Mo. App. 135, 135 S. W. 508; Midland Nat. Bank v. Roll, 60 Mo. App. 585; Kavanaugh v. Bank, 59 Mo. App. 540; Bank v. Refrigerator Co., 236 Mo. 407, 139 S. W. 545; Haas v. Furniture Company, 183 S. W. (Mo. App.) 576; Renfro Com. Co. v. Northrup Co., 222 S. W. (Mo. App.) 487; Howard Company v. Bank, 198 Mo. App. 284, 200 S. W. 91.

To our mind the strongest case tending to support plaintiff is Midwest Nat. Bank & Trust Co. v. Parker Corn Co., supra, the facts of which we have stated. And in that case in addition to the agreement to charge back, the bank was to receive a collection fee and charged interest on the amount of the draft from the time of the deposit until the draft was paid.

It is our conclusion that defendant's contention under the facts here is correct and that the authorities cited support the conclusion reached. A recent case somewhat to the point here under consideration is Townsend Wholesale Groc. Co. v. Chamberlain Canning Co., 277 S. W. (Mo. App.) 958. But we do not think that any rule is announced therein contrary to our conclusion here. Such being our conclusion we hold that under the facts defendant bank became the absolute owner of the draft deposited and that by the transaction and the general course of business between plaintiff and defendant as shown by the agreed statements and the parol evidence the relation of debtor and creditor was created when the draft was deposited and not that of principal and agent.

We do not deem it necessary to deal *in extenso* with plaintiff's second theory or contention, viz.; that at the time the draft was deposited defendant bank was hopelessly insolvent and was so known to be by its officers, and that for this reason a fraud was perpetrated upon plaintiff, and such being the case plaintiff has the right to rescind and follow the money deposited even into the hands of the commissioner of finance. If the facts were as plaintiff predicates then the right asserted would obtain. [St. Louis-San Francisco Railway Co. v. Millspaugh, 278 S. W. (Mo. App.) 786.] But the question of knowledge on the part of the officers of defendant bank's insolvency at the time the draft was deposited was, under the record, clearly a question of fact. This question of fact being found below adverse to plaintiff we cannot interfere.

The judgment denying a preference should be affirmed and it is so ordered. *Cox, P. J.,* and *Bailey, J.,* concur.